UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HICKORY SPRINGS MANUFACTURING COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )   CAUSE NO. 3:04-CV-637 JTM ) |
| LIPPERT COMPONENTS, INC., | ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff, Hickory Springs Manufacturing Company, and Defendant, Lippert Components, Inc., submitted a Stipulated Protective Order on April 11, 2005, requesting that this Court issue a protective order covering various information in the underlying litigation.  For the following reasons, this Court declines to adopt and sign the parties' proposed protective order.  The parties may resubmit a proposed protective order which comports with Seventh Circuit precedent for this Court's consideration.

**I.     APPLICABLE STANDARD**

When granting a proposed protective order, this Court must independently determine whether "good cause" exists to seal the requested information from the public record. Fed.R.Civ.P. 26(c); Citizens First National Bank of Princeton v. Cincinnati Insurance Co., 178 F.3d 943, 944 (7th Cir.1999).  In doing so, this Court must not grant parties *carte blanche* to seal or protect whatever they desire. Citizens, 178 F.3d at 944; See also Pierson v. Indianapolis Power & Light Co., 205 F.R.D. 646, 647 (S.D. Ind. 2002) ("Independent and careful evaluations of protective orders are especially important because '[t]he judge is the primary representative of the public interest in the judicial process....'") (quoting Citizens, 178 F.3d at 945).  In other words, this Court cannot serve as

a rubber stamp whenever parties wish to seal public records, but must review all requests to seal documents in light of the public interest in the judicial process. Citizens, 178 F.3d at 945 (citing In re Krynicki, 983 F.2d 74 (7th Cir.1992); Miller, Arthur M., Confidentiality, Protective Orders, and Public Access to the Courts, 105 Harv. L.Rev. 427, 492 (1991)).

When reviewing an agreed protective order seeking to seal documents produced in discovery, this Court must ensure that "(1) the information sought to be protected falls within a legitimate category of confidential information, (2) the information or category sought to be protected is properly described or demarcated, (3) the parties know the defining elements of the applicable category of confidentiality and will act in good faith in deciding which information qualifies thereunder, and (4) the protective order explicitly allows any party and any interested member of the public to challenge the sealing of particular documents." Pierson, 205 F.R.D. at 647 (citing Citizens, 178 F.3d at 946). This Court may issue a protective order in this case pursuant to its referral order and 28 U.S.C. § 636(b)(1)(A).

## II. ANALYSIS

The parties' proposed order falls short of the above standard for two reasons. First, the parties fail to adequately describe which documents are to be protected; and second, the order contains no language explicitly allowing interested members of the public to challenge the sealing of particular documents.

### A. Proper Description of Documents

This Court's evaluation of proposed protective orders for good cause need not be made on a document-by-document basis. Citizens, 178 F.3d at 946 ("In a case with thousands of documents, such a requirement might impose an excessive burden on the district judge or magistrate judge."). Parties may "keep their trade secrets (or some other properly demarcated category of legitimately

2

confidential information) out of the public record, provided the judge. . .satisfies himself that the parties know what a trade secret is and are acting in good faith in deciding which parts of the record are trade secrets." Id.

The parties' proposed order falls short of this standard. the proposed order seeks to give the parties *carte blanche* over any other documents which they deem confidential. Paragraph (a) states:

> The term "confidential information" means any information, whether oral or in documentary or other tangible form, so designated by any producing person which it reasonably believes is of the type protectable under Rule 26(c)(7) of the Federal Rules of Civil Procedure. All documents prepared or derived from confidential information, such as copies, reproductions, extracts, summaries, memoranda, correspondence, or notes, shall likewise be considered confidential information.\

As it stands, the parties' proposed order does not limit protected documents to discrete categories by date, source, contents, or any other means, but rather seeks to expand the order's reach to any document a party believes is protected. The proposed order covers documents without specific limitations as to what material is protected. It simply fails to provide sufficient protection against improper sequestration of public records. For the proposed document to comport with circuit precedent and the Federal Rules, the parties need to limit the order in scope to ascertainable categories, demonstrating that the protected information is in fact confidential and protected in good faith.

B.  Ability of any Interested Member of the Public to Challenge the Sealing of Particular Documents

"The right to intervene to challenge a closure order is rooted in the public's well-established right of access to public proceedings." Jessup v. Luther, 227 F.3d 993, 997 (7th Cir. 2000).  In granting protective orders, judges are thus "the primary representative[s] of the public interest in the judicial process" and must require that a "protective order explicitly allows any party and any interested member of the public to challenge the sealing of particular documents." Pierson, 205

F.R.D. at 647 (citing <u>Citizens</u>, 178 F.3d at 945-46).  In paragraph twelve, parties outline the process for filing sealed documents with the court.  However, parties have failed to include in this paragraph any provision which would explicitly allow any party and any interested member of the public to challenge the sealing of particular documents.

### III.    CONCLUSION

Because it is overbroad in scope and fails to explicitly express that any party or any interested member of the public may challenge the sealing of particular documents, this Court declines to adopt and sign the parties' proposed protective order submitted on April 11, 2005.  The parties may resubmit their proposed order in light of the standards set forth in this order and the citations herein.

**SO ORDERED.**

Dated this 12th day of April, 2005.

<u>s/Christopher A. Nuechterlein</u>
Christopher A. Nuechterlein
United States Magistrate Judge