UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| HICKORY SPRINGS | ) | |
| MANUFACTURING COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:04-CV-637 JTM |
| | ) | |
| LIPPERT COMPONENTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND OPINION

On April 6, 2005, Plaintiff filed a motion for preliminary injunction.  On April 29, 2005,

Defendant filed a motion to strike the declaration of Plaintiff's expert, Henry W. Stoll, PhD., PE,

that accompanied Plaintiff's motion for preliminary injunction.  For the following reasons,

Defendant's motion [Doc. No. 30] is **DENIED**.

**I.     RELEVANT BACKGROUND**

Plaintiff, a manufacturer of retractable steps for recreational vehicles, filed this action on

October 7, 2004, alleging that Defendant had infringed upon Plaintiff's 6,082,751 Patent (the

"'751 Patent").  On April 6, 2005, Plaintiff filed a motion for preliminary injunction.  In support

of Plaintiff's motion, Plaintiff filed the declaration of its expert, Stoll, who opined that

Defendant's recreational vehicle steps infringed upon Plaintiff's patent.  On April 29, 2005,

Defendant filed a motion to strike Stoll's declaration asserting that this Court should strike

Stoll's declaration because Stoll did not completely draft the declaration himself.  Defendant also

alleged that Stoll did not use the appropriate test to determine whether Defendant's steps

infringed the '751 Patent because Stoll did not engage in claim interpretation.  This Court may

rule on Defendant's motion to strike pursuant to its referral order and 28 U.S.C. § 636(b)(1)(B).

**II.     APPLICABLE LAW**

Fed. R. Evid. 702 states as follows:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702 has liberalized the standard for qualifying as an expert witness. Wilson v. City of Chicago, 6 F.3d 1233, 1238 (7th Cir. 1993).  As a threshold matter, courts must examine whether 1) the expert will testify to valid scientific knowledge, and 2) whether that testimony will assist the trier of fact in understanding or determining a fact in issue.  Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 592 (1993); Smith v. Ford Motor Co., 215 F.3d 713, 718 (7th Cir. 2000) (holding that "the district court must consider whether the testimony will assist the trier of fact with its analysis of any of the issues involved in the case").  In Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 149 (1999), the Supreme Court held that this inquiry must be taken in all matters relating to expert testimony and not only in those which contain scientific testimony.

Experts can be qualified to testify based upon personal experience and knowledge, so long as the experience and knowledge is reliable. Kumho Tire, 526 U.S. at 150; Smith, 215 F.3d at 718.  However, offering only a bottom line conclusion does not assist the trier of fact and should not be admitted.  Zenith Electronics Corp. v. WH-TV Broadcasting Corp. 395 F.3d 416, 420 (7th Cir. 2005); Lennon v. Norfolk and Western Ry. Co., 123 F.Supp.2d 1143, 1147 (N.D. Ind. 2000).

A district court must act as a "gatekeeper" to ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.  Ramsey v. Consolidated Rail Corp. 111 F.Supp.2d 1030, 1036 (N.D. Ind. 2000).  It is not the responsibility of the trial court to determine whether the expert's opinion is correct.  Smith, 215 F.3d at 719.  The factual underpinnings of the analysis and the correctness of the conclusions are matters to be determined by the trier of fact.  Id. at 718.

III.     DEFENDANT'S MOTION TO STRIKE STOLL'S DECLARATION

Defendant alleges that Stoll's opinion is unreliable because he did not write all of the declaration and because he did not interpret the claim before concluding that Defendant's steps infringed the '751 Patent.  Defendant does not challenge Stoll's qualifications.  Thus, this Court need only determine whether the methodology Stoll used is sufficiently reliable to assist the trier of fact in understanding a fact in issue.

This Court agrees with Defendant that Stoll did not conduct the same rigorous claim interpretation that Defendant has conducted in its response to Plaintiff's motion for preliminary injunction.  However, it appears that Stoll did engage in a preliminary interpretation of the patent.  Stoll based his opinion upon what he felt were the ordinary and common meanings of the words used in the claims.  This type of claim interpretation is consistent with Vitronics Corp. v. Conceptronic, Inc., 39 U.S.P.Q.2d 1573, 1576 (Fed. Cir. 1996) (stating that words are generally given their ordinary and customary meaning).  While Stoll stated in his deposition that he did not think the claim needed interpreting, it does not appear that Stoll completely failed to engage in any interpretation.  (See Stoll Dep. pg. 29).  Stoll stated that he thought the claim was "obvious, pretty straightforward."  (Stoll Dep. pg. 29).  This statement is evidence that Stoll did interpret

the claim consistent with his understanding of the obvious, common definitions of the terms.

Although Stoll did admit in his deposition that it was possible that some of the words could have

other definitions, it was Stoll's opinion that the words had their plain and ordinary meaning.  As

Stoll stated in his deposition, it is for the court to decide the correct interpretation of the claim.

In its motion, Defendant cites to DataQuill Limited v. Handspring, Inc., No. 01 C 4635,

2003 WL 737785, at *4 (N.D. Ill. Feb. 28, 2003).  In DataQuill, the court excluded the expert's

testimony when the expert did not draft his opinion and when the expert did not engage in the

proper infringement analysis.  Id.  The court stated that the expert did not follow a proper

infringement analysis because it was not clear what or whose interpretation of the claims the

expert applied in his analysis.  Id.  Furthermore, the court questioned the reliability of the expert

because the expert could not explain the definition of the terms.  Id.

There are undoubtedly some similarities between the expert's testimony in DataQuill and

Stoll's testimony.  However, unlike DataQuill, Stoll at least attempted to use his own claim

interpretation based upon the ordinary meaning of the words as he understood them.

Furthermore, significantly different from DataQuill is the current posture of this case.  In

DataQuill, the court struck the testimony at the summary judgment phase.  This case is merely at

the preliminary injunction phase.  Parties have not had the time to conduct the necessary

discovery to fully develop their claims and positions.  This Court is reluctant to strike an expert's

testimony when it is unclear at this time exactly what is at issue in this case.  Because this case is

still in its infancy, this Court concludes that it would premature to strike Stoll's declaration

because it could be helpful in understanding a fact in issue since Stoll based his opinion on his

interpretation of the common meaning of the words in the claim.  If Defendant disagrees with

4

Stoll's interpretation, or wishes to challenge Stoll's credibility, it will have ample opportunity to do so on cross-examination.

**IV.**    **CONCLUSION**

For the aforementioned reasons, Defendant's motion to strike the declaration of Henry Stoll [Doc. No. 30] is **DENIED**.

**SO ORDERED.**

Dated this 31st Day of May, 2005.

s/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge

5